UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| LEDALE NATHAN, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 1:19-cv-00152-DDN |
|  | ) |  |
| JASON LEWIS, et al., | ) |  |
|  | ) |  |
| Respondents. | ) |  |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of petitioner Ledale Nathan, by and through counsel, to stay and hold in abeyance his petition for writ of habeas corpus. (Docket No. 6). For the reasons discussed below, the motion will be granted.

## Background

Following a jury trial on April 11, 2011, petitioner was convicted of twenty-six criminal counts: one count of first-degree murder; thirteen counts of armed criminal action; five counts of kidnapping; four counts of first-degree robbery; two counts of first-degree assault; and one count of first-degree burglary. *State of Missouri v. Nathan*, No. 1022-CR01659 (22nd Cir., St. Louis City).[1] However, the circuit court subsequently dismissed counts IX, X, XXIII, and XXIV for lack of jurisdiction. The circuit court determined that these four counts, representing offenses against victim Rosemary Whitrock, were never before the juvenile court, and thus could not be transferred to the circuit court.[2] Petitioner was sentenced to life without probation or parole on the first-degree

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these state public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

[2] Petitioner refers to these counts as the "Whitrock counts." The Court will do likewise.

murder count, and also received sentences ranging from fifteen years to life on the remaining twenty-one counts.

On direct appeal, the Missouri Supreme Court remanded the first-degree murder conviction for resentencing in light of the holding in *Miller v. Alabama*, 567 U.S. 460 (2012) that a mandatory sentence of life without parole for a juvenile offender was unconstitutional. *State v. Nathan*, 404 S.W.3d 253, 269-71 (Mo. 2013). The Missouri Supreme Court explained that on remand, if the sentencer "was persuaded beyond a reasonable doubt" that life without parole for first-degree murder was appropriate, the sentence was constitutional and must be imposed. *Id.* at 270-71. However, if the sentencer was not convinced that life without parole was appropriate, then the circuit court was required to enter a finding of guilt on second-degree murder, and enter a sentence accordingly. *Id.* at 271. The Missouri Supreme Court also determined that the circuit court had improperly dismissed the four Whitrock counts, and remanded those counts for sentencing. *Id.* at 259-60.

On November 18, 2013, after the Missouri Supreme Court ordered resentencing, but before said resentencing could take place, petitioner filed his first postconviction motion pursuant to Mo. S. Ct. R. 29.15. *Nathan v. State of Missouri*, No. 1322-CC09963 (22nd Cir., St. Louis City). The motion challenged the twenty-one counts that had been affirmed by the Missouri Supreme Court in *State v. Nathan*, 404 S.W.3d 253 (Mo. 2013).

On July 25, 2014, the circuit court resentenced petitioner to life imprisonment for second-degree murder. Petitioner was also sentenced on the four Whitrock counts. *State of Missouri v. Nathan*, No. 1022-CR01659 (22nd Cir., St. Louis City). He filed a notice of appeal on July 30, 2014.

While that appeal was pending, the circuit court denied petitioner's Rule 29.15 motion on August 1, 2016. *Nathan v. State of Missouri*, No. 1322-CC09963 (22nd Cir., St. Louis City). Petitioner filed a notice of appeal on August 16, 2016.

On November 17, 2015, the Missouri Court of Appeals affirmed the sentencing decisions made by the circuit court with regard to petitioner's convictions for second-degree murder and the four Whitrock counts. *State v. Nathan*, 2015 WL 725338, at *1 (Mo. App. 2015). The case was ordered transferred to the Missouri Supreme Court on April 5, 2016. Thereafter, on July 11, 2017, the Missouri Supreme Court affirmed the judgment of the circuit court. *State v. Nathan*, 522 S.W.3d 881, 894 (Mo. 2017).

Petitioner filed a second motion for postconviction relief on October 13, 2017. *Nathan v. State of Missouri*, No. 1722-CC11525 (22nd Cir., St. Louis City). The second motion for postconviction relief pertained to the murder count and the four Whitrock counts.

Meanwhile, petitioner's appeal of the denial of his first postconviction motion was affirmed by the Missouri Court of Appeals on June 19, 2018. *Nathan v. State*, 556 S.W.3d 99, 100 (Mo. App. 2018). Petitioner's motion for rehearing and/or transfer to the Missouri Supreme Court was denied on July 24, 2018. His application for transfer to the Missouri Supreme Court was denied on September 25, 2018. The mandate was issued September 28, 2018.

Petitioner's second postconviction proceeding, regarding the murder count and the four Whitrock counts, is still pending before the circuit court.

The instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed by petitioner's counsel on September 3, 2019. (Docket No. 1). A motion for leave to proceed in forma pauperis was also filed. (Docket No. 2). On September 5, 2019, petitioner's counsel filed a motion

3

to stay proceedings until disposition of his second postconviction motion, which is currently pending before the circuit court in St. Louis City. (Docket No. 6).

## Discussion

Petitioner has filed a "mixed" petition for writ of habeas corpus that consists of both exhausted and unexhausted claims. As such, he has also filed a motion to stay and hold in abeyance his petition until his unexhausted claims are disposed of by the circuit court and the state appellate process.

A petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996). *See also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) (stating that "[i]t is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court"). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement also prevents disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 517 (1982).

All grounds for relief in a habeas petition must be totally exhausted before the petition can be considered in federal court. *Id.* at 522. The total exhaustion requirement, coupled with the one-year statute of limitations in 28 U.S.C. § 2244(d), presents the risk that petitioners who file mixed petitions containing both exhausted and unexhausted claims will "forever [lose] their opportunity for any federal review of their unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 274-75 (2005). To ameliorate this problem, the United States Supreme Court has explained that in limited circumstances, district courts may stay the petition and hold it in abeyance while the petitioner returns to state court and exhausts his unexhausted claims. *Id.* at 275-76. *See also Pace v.*

4

*DiGuglielmo*, 544 U.S. 408, 416 (2005) (stating that a petitioner may file "a protective petition in federal court...asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted").

In determining whether a stay should be granted or denied, district courts are guided by three factors: (1) whether petitioner had good cause for failing to exhaust; (2) whether petitioner's unexhausted claims are potentially meritorious; and (3) whether petitioner engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277. *See also Howard v. Norris*, 616 F.3d 799, 801 (8th Cir. 2010). The stay and abeyance procedure for mixed habeas petitions is limited to timely petitions. *Parmley v. Norris*, 586 F.3d 1066, 1073 (8th Cir. 2009).

Here, petitioner presents a total of twenty grounds for relief. Many of these grounds have been raised on direct appeal and in petitioner's first motion for postconviction relief, and are therefore exhausted. Other grounds, however, pertain to the five counts that are now pending before the state circuit court on petitioner's second motion for postconviction relief. Thus, they are unexhausted. Petitioner asserts that since all the grounds are related, the Court cannot resolve the matter until the pending state postconviction proceedings are complete.

As outlined above, petitioner's unexhausted claims are the result of the Missouri Supreme Court affirming twenty-one counts on direct appeal, but remanding for resentencing on five counts. Petitioner then had to proceed separately by filing a motion for postconviction relief on the twenty-one affirmed counts, while filing a second direct appeal after the resentencing of the remaining five counts. Thus, his failure to exhaust does not appear to be the result of bad faith. Furthermore, there is no indication that petitioner engaged in intentionally dilatory litigation tactics. To the contrary, it appears that he has attempted to obtain relief in the state courts as expeditiously as possible. Therefore, good cause being shown, the Court will grant petitioner's motion to stay and

5

hold in abeyance his petition for writ of habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to stay proceedings (Docket No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall file a status report ninety (90) days from the date of this order informing the Court as to the status of petitioner's Rule 29.15 motion.

Dated this 20th day of September, 2019.

/s/ David D. Noce
DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE