UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LEDALE NATHAN, </br></br>  Petitioner, </br></br> vs. </br></br> BILL STANGE, Warden Southeast Correctional Center, </br></br> and </br></br> ANDREW BAILEY, Missouri Attorney General, </br></br>  Respondents.[1] | Case No. 1:19-CV-152 JSD |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Ledale Nathan's ("Nathan") Motion for Stay and Abeyance of Habeas Corpus Proceedings Pending Exhaustion of State Remedies and Suggestions in Support ("Stay and Abeyance Motion"; ECF No. 56). Nathan asks this Court to allow him to present his unexhausted claims (Claims 12, 13, 14, 15, 16, 19) to the state court. Nathan seeks a stay and abeyance pursuant to *Rhine v. Weber*, 544 U.S. 269 (2005) to exhaust his state remedies.

In conjunction with his Stay and Abeyance Motion, Nathan filed a Rule 91 petition for habeas corpus in the state court in an attempt to exhaust those claims not raised in the amended

---

[1] Bill Stange is currently the Warden of the Southeast Correctional Center and is automatically substituted for Jason Lewis as a defendant under Fed. R. Civ. P. 25(d). Andrew Bailey is currently the Missouri Attorney General and is automatically substituted for Eric Schmitt as a defendant under Fed. R. Civ. P. 25(d).

1

Rule 29.15 motion. *See also* ECF No. 61; Case No. 23MI-CV00526.[2] Nathan moves this Court for a stay and abeyance while he seeks to litigate his unexhausted claims in the state courts.

Since the filing of Nathan's Stay and Abeyance Motion, however, the Circuit Court of the Mississippi County, State of Missouri, issued a Decision, Judgment, and Order, dated February 13, 2024. *See* Case No. 23MI-CV00526.[3] The Circuit Court of Mississippi County denied Nathan's petition for habeas corpus because all the claims (here, Claims 12, 13, 14, 15, 16, 19) were procedurally barred from habeas review. Accordingly, the Circuit Court determined that "[a]s a matter of law, those five claims are now barred and this [Circuit] Court may not review them."

Based upon the foregoing, the Court orders Nathan to show cause no later than **March 8, 2024,** as to why this Court should not deny his Stay and Abeyance Motion as moot. In the event that Nathan's Stay and Abeyance Motion is moot, the Court orders Nathan to file his traverse in support of his Amended Habeas Corpus Petition no later than **March 18, 2024**.

Accordingly,

**IT IS HEREBY ORDERED** that Nathan shall show cause no later than **March 8, 2024**, as to why this Court should not deny Petitioner's Motion for Stay and Abeyance of Habeas Corpus Proceedings Pending Exhaustion of State Remedies and Suggestions in Support (ECF No. 56) as moot.

---

[2] Based upon this Court's review of Case.Net, Missouri's online case management system, (https://www.courts.mo.gov/cnet/welcome.do), it does not appear that Nathan filed a Rule 91 motion with the Missouri Supreme Court. The Court takes judicial notice of these public state records. *See Cox v. Horack*, No. 1:19-CV-00185-JAR, 2020 WL 1031022, at *1, n.1 (E.D. Mo. Mar. 3, 2020); *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (same).

[3] Notably, counsel for Nathan did not make the Court aware of the Missouri State Court decision. Rather, the Court discovered the Decision, Judgment, and Order, dated February 13, 2024, through Case.Net, and the Court takes judicial notice of that decision. *Ibid*.

2

**IT IS FURTHER ORDERED** that in the event that Petitioner's Motion for Stay and Abeyance of Habeas Corpus Proceedings Pending Exhaustion of State Remedies and Suggestions in Support (ECF No. 56) is moot, the Court orders Nathan to file his traverse in support of his Amended Habeas Corpus Petition no later than **March 18, 2024**.

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of March, 2024.